IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2016 MAR 28  AM 9: 45
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| BARRY R. SCHOTZ. | § | |
| Reg. No. 06088-097, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-16-CV-63-FM |
| | § | |
| J.S. WILLIS, Warden, | § | |
|     Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

    Petitioner Barry R. Schotz, through a *pro se* petition under 28 U.S.C. § 2241 for a writ of habeas corpus, challenges his guilty-plea conviction in the United States District Court for the Northern District of Illinois for wire fraud.[1] Schotz, a federal prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas,[2] maintains the sentencing court misapplied the United States Sentencing Guidelines when it determined two prior convictions were unrelated for the purpose of calculating his criminal history. He argues the sentencing court therefore violated both the Due Process and Ex Post Facto Clauses, and he asks the Court to order his immediate release from confinement. After reviewing the record and for the reasons discussed below, the Court will, on its own motion, dismiss the petition, pursuant to 28 U.S.C. § 2243.[3]

---

    [1] J., ECF No. 16, <u>United States v. Schotz</u>, 1:05-CR-440-1 (N.D. Ill. Aug. 30, 2005).

    [2] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas, El Paso Division. 28 U.S.C. § 124(d)(3) (2012).

    [3] 28 U.S.C. § 2243 (2012) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

## BACKGROUND AND PROCEDURAL HISTORY

According to court records maintained in case number 1:06-CV-3540 in the United States District Court for the Northern District of Illinois, between August 2001 and September 2004, Schotz "defrauded 55 investors of over $5,000,000.00 through the fraudulent operation of a commodities trading firm."[4]  Schotz "misrepresented his experience and knowledge in the commodities market" to his clients, and "misappropriated over $1,600,000.00 in fees from investors for his own personal use."[5]  Further, "[w]hen Schotz executed trades that lost money, he provided his victims with fraudulent account statements which falsely showed [he] had turned a profit."[6]  Finally, in an effort to further "conceal the losses and misappropriations, Schotz stole the identity of an individual investor, … applied for a credit card on behalf of [his] trading firm, … used this credit card for personal and business use, and eventually used client funds to pay over $355,000.00 in credit card bills."[7]

Schotz pleaded guilty, pursuant to the terms of a plea agreement, to a one-count information charging him with wire fraud.  The presentence investigation report noted Schotz had a prior conviction in the United States District Court for the Eastern District of California, Fresno Division, for a conspiracy relating to the preparation and presentation of false and fraudulent

---

[4] *See* Op. & Order 1, ECF No. 34, Schotz v. United States, 1:06-CV-3540 (N.D. Ill. Nov. 20, 2006).

[5] *Id.*

[6] *Id.*

[7] *Id.* at 2.

income tax returns.[8] It also noted Schotz had prior convictions in the United States District Court for the Eastern District of California, Sacramento Division, for mail fraud and transporting fraudulently obtained property.[9] At sentencing, Schotz's counsel objected to the presentence investigation report treating the prior convictions in Fresno and Sacramento as unrelated for the purpose of calculating his criminal history.[10] The sentencing court overruled the objection and, on August 30, 2005, sentenced Schotz to 189 months' imprisonment. Schotz did not timely appeal.

On June 29, 2006, Schotz filed a collateral attack on his sentence, pursuant to 28 U.S.C. § 2255, alleging his counsel provided ineffective assistance. Specifically, Schotz claimed his counsel failed to: (1) seek enforcement of the term of the plea agreement; (2) verify and challenge Schotz's criminal history category at sentencing; and (3) appeal Schotz's sentence. The sentencing court rejected all of his claims and denied his motion.[11] It explained that, after reviewing various documents, it had concluded that the California cases were not related:

> [A]t the time the Court concluded that Schotz's prior convictions were not related, it had consulted the Judgment and Conviction Orders and plea agreements for both of his previous cases. The court reviewed these documents, as well as the PSR for the current

---

[8] See United States v. Schotz, 1:92-CR-5108 (E.D. Cal. Feb. 14, 1994).

[9] See United States v. Schotz, 2:92-CR-151 (E.D. Cal. May 17, 1994).

[10] See U.S. SENTENCING GUIDELINES MANUAL §4A1.2(a)(2) (U.S. SENTENCING COMM'N 2005) ("Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of §4A1.1(a), (b), and (c). Use the longest sentence of imprisonment if concurrent sentences were imposed and the aggregate sentence of imprisonment imposed in the case of consecutive sentences.").

[11] Op. & Order, ECF No. 34, Schotz v. United States, 1:06-CV-3540 (N.D. Ill. Nov. 20, 2006).

3

case. It was the court's finding that the prior sentences did not arise from "related cases."[12]

The Seventh Circuit Court of Appeals subsequently remanded the case for an evidentiary hearing on Schotz's claim that his counsel had failed to file a requested notice of appeal.[13] The sentencing court conducted the hearing and, once again, found against Schotz.[14] The Seventh Circuit then denied Schotz a certificate of appealability.[15]

Schotz filed a second § 2255 motion, which the sentencing court denied as an improper successive motion.[16] He subsequently submitted a petition for a writ of habeas corpus directly to the United States Supreme Court. The Supreme Court dismissed the petition, noting "[a]s the petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and the petition is submitted in compliance with Rule 33.1."[17]

In his instant petition, Schotz maintains the sentencing court misapplied the 2005 Sentencing Guidelines when it determined that his two prior convictions were unrelated for the

---

[12] *Id.* at 6.

[13] Order, Schotz v. United States, Nos. 07-2198, 07-2199 (7th Cir. Nov. 26, 2007).

[14] Minute Entry, ECF No. 108, Schotz v. United States, 1:06-CV-3540 (N.D. Ill. June 9, 2008).

[15] Order, Schotz v. United States, Nos. 08-2514, 08-3337 (7th Cir. Sept. 25, 2008).

[16] Minute Entry, ECF No. 5, Schotz v. United States, 1:07-CV-5686 (N.D. Ill. Oct. 18, 2007).

[17] In re Schotz, No. 15-7603, 2016 WL 280922, at *1 (U.S. Jan. 25, 2016). Schotz claims he submitted his instant petition "along with a $5 check" from the Bureau of Prisons. *See* Appl. to Proceed Without Prepaying Fees or Costs, Feb. 25, 2016, ECF No. 1. The Court subsequently received the check from the Bureau of Prisons.

4

purpose of calculating his criminal history.[18]   He contends "by altering the substantive 'formula' used to calculate [Schotz's] sentence range [the sentencing court] created a 'significant risk' of a higher sentence [which] offended fundamental justice, one of the principle interests of the ex post facto clause was designed to serve ..."[19]   Therefore, Schotz argues the sentencing court violated his rights under both the Due Process and Ex Post Facto Clauses, and he asks the Court to order his immediate release from confinement.[20]

## LEGAL STANDARD

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration."[21]   To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[22]   A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian.[23]   By contrast, a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 " 'provides the primary means of collateral attack on a federal sentence.' "[24]   Thus, relief under § 2255 is warranted for errors that

---

[18] Pet'r's Pet. 11, Feb. 25, 2016, ECF No. 1-1.

[19] Id. at 3.

[20] Id.

[21] Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

[22] 28 U.S.C. § 2241(c)(3) (2012).

[23] United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992).

[24] Pack, 218 F.3d at 451 (quoting Cox v. Warden, 911 F.2d 1111, 1113 (5th Cir. 1990)).

occurred at trial or sentencing.[25]   A § 2255 petitioner may only bring his motion in the district of conviction and sentence.[26]

Section 2255 does contain a "savings clause" which acts as a limited exception to these general rules.   It provides that a court may entertain a petition for writ of habeas corpus challenging a federal criminal conviction if it concludes that filing a motion to vacate, set aside or correct sentence pursuant to § 2255 is inadequate to challenge a prisoner's detention.[27]   However, a petitioner must satisfy a two-prong test before he may invoke the "savings clause" to address errors occurring at trial or sentencing in a petition filed pursuant to § 2241:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.[28]

---

[25] See Cox, 911 F.2d at 1114 (5th Cir. 1990) ("The district court's dismissal of these grounds clearly was proper because they concerned alleged errors that occurred at sentencing and, therefore, may be remedied under section 2255."); Ojo v. INS, 106 F.3d 680, 683 (5th Cir. 1997) ("Because all of the errors Ojo alleges [occurred before or during sentencing], they must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him."); Solsona v. Warden, F.C.I., 821 F.2d 1129, 1131 (5th Cir. 1987) (explaining that, because defendant's claims attacked the constitutionality of his conviction and proof of his claims would undermine the validity of his conviction, his exclusive initial remedy was a motion under § 2255).

[26] Pack, 218 F.3d at 452.

[27] See 28 U.S.C. 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*") (emphasis added).

[28] Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

A petitioner must prove both prongs to successfully invoke the "savings clause."[29]  Thus, § 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective.[30]

With these principles in mind, the Court turns to Schotz's claims.

## ANALYSIS

In his petition, Schotz challenges the sentence imposed after his guilty-plea conviction in the United States District Court for the Northern District of Illinois for wire fraud.[31]  Clearly, this claim relates to alleged errors which occurred before and during his sentencing and not to the manner in which his sentence is being executed.   As discussed above, a § 2255 motion, not a § 2241 petition, "provides the primary means of collateral attack on a federal sentence."[32]   A petitioner may prevail with an attack on the validity of a conviction and sentence in a § 2241 petition only if he can meet both prongs of the stringent test for the § 2255(e) "savings clause."[33]

The first prong of the test is, essentially, an "actual innocence" requirement whose "core idea is that the petitioner may have been imprisoned for conduct which was not prohibited by law."[34]   To meet the first prong, a petitioner must rely on a retroactively applicable Supreme

---

[29] Padilla v. United States, 416 F.3d 424, 426 (5th Cir. 2005).

[30] Reyes-Requena, 243 F.3d at 901 (citing Pack, 218 F.3d at 452; Kinder v. Purdy, 222 F.3d 209, 214 (5th Cir. 2000)).

[31] Pet'r's Pet. 3-11, Feb. 25, 2016, ECF No. 1-1.

[32] Pack, 218 F.3d at 451 (quoting Cox, 911 F.2d at 1113).

[33] Kinder, 222 F.3d at 212.

[34] Reyes-Requena, 243 F.3d at 903.

Court decision which establishes that he may have been convicted of a nonexistent offense.[35] Schotz fails to provide any support which satisfies the first requirement. Specifically, he has not identified a retroactively applicable Supreme Court decision which supports his claim.

Furthermore, circuit law did not preclude Schotz from asserting his claim at the time of his trial or § 2255 motion.[36] In fact, defense counsel argued at Schotz's sentencing that the California cases were related and should be treated as one for purposes of the Sentencing Guidelines:

> [T]his one central scheme which resulted in two indictments took place at one office, the name of the company was CCI. As part of this overall scheme they backdated IRS documents and represented additionally to insurance companies and other investors that annuities would be fully funded.
>
> In the first indictment in Sacramento Mr. Schotz was indicted on I believe it was June 14th, he received eight years. He pled and the day after the plea he was sent to Fresno to plead to the second case and he was sentenced in the Fresno case to eight years to run concurrently. But he is the same defendant. It was one office for what I would argue practical purposes, they were functionally consolidated. This was again one scheme out of one office by my client committing different acts.[37]

After hearing the arguments of counsel, the Court concluded the facts did not support Schotz's claim and rejected his argument:

> Yes. They are separate and distinct acts and the fact that the defendant received a concurrent sentence does not make them a unified or a single occurrence. The issue that they may have occurred using CCI or some other label as part of a larger scheme in that some of the acts necessary to put the criminal conduct into play occurred in one office is not enough, and so that the objection is

---

[35] *Id.* at 904.

[36] Reyes–Requena, 243 F.3d at 904.

[37] Pet'r's Pet. (Sentencing Tr.) 8-9, Feb. 25, 2016, ECF No. 1-2.

overruled …[38]

Schotz also raised—and the sentencing court rejected—this claim in the context of an ineffective-assistance-of-counsel claim in a § 2255 motion.[39] The sentencing court explained, after reviewing court documents from the California cases and the presentence investigation report in the Illinois case, "[i]t was the court's finding that the prior sentences did not arise from 'related cases.'"[40]

Thus, while Schotz may not agree with the sentencing court, he has failed to meet his burden of showing that the § 2255 remedy is inadequate or ineffective to challenge his detention. He is not entitled to relief.

## CONCLUSION AND ORDERS

Therefore, since Schotz's claim does not meet the stringent requirements of the "savings clause," the Court will not allow him to proceed with a claim pursuant to § 2241. The Court will, therefore, dismiss Schotz's petition as frivolous, and to the extent that Schotz's petition may be construed as a successive § 2255 motion, the Court will dismiss his petition for lack of jurisdiction.[41] Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Schotz's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are

---

[38] *Id.* at 9-10.

[39] *See* Op. & Order, ECF No. 34, <u>Schotz v. United States</u>, 1:06-CV-3540 (N.D. Ill. Nov. 20, 2006).

[40] *Id.* at 6.

[41] <u>Ojo v. INS</u>, 106 F.3d 680, 683 (5th Cir. 1997).

**DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED**.

SIGNED this \_\_\_28\_\_\_ day of March, 2016.

                                              **FRANK MONTALVO**
                                              **UNITED STATES DISTRICT JUDGE**